# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN J. CANNELL, M.D., <br><br> Petitioner, <br><br> v. <br><br> AURORA LAS ENCINAS HOSPITAL, <br><br> Respondent. | Case No. CV 19-5042 PA (MRW) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this action without prejudice due to the failure of a pro se litigant to update his address with the Court.

\* \* \*

1. This is a habeas action involving an individual in a local psychiatric hospital. Petitioner apparently seeks to challenge the basis for his stay in the facility. (Docket # 2.) (Petitioner originally filed the action in the Ninth Circuit, which transferred the matter to the district court for consideration. (Docket # 1.))

2. Magistrate Judge Wilner screened the petition pursuant to local practice and Habeas Rule 4. Judge Wilner preliminarily concluded that the habeas

petition presented no cognizable claim for federal habeas relief. Petitioner was ordered to show cause why the action should not be dismissed on that ground. (Docket # 4.) A copy of the Court's order was served on Petitioner at his hospital address.

3. The postal service returned the order as undeliverable. (Docket # 5.) The returned mail identified another potential address for Petitioner in Marina Del Rey.

4. Judge Wilner issued another order – to both of Petitioner's suspected locations – requiring Petitioner to file a sworn notice with his current mailing address. (Docket # 6.) The order specifically referenced Petitioner's obligation under Local Rule 41-6 to maintain a legitimate mailing address with the Court.

5. Petitioner failed to respond by the deadline set in that order (September 6). To date, Petitioner has not updated his address with the Court. Petitioner has not filed anything with the Court since initiating the case.

* * *

6. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. Local Rule 41-6 provides in pertinent part:
> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address

       and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

       8.     The Court finds dismissal of this action is appropriate. Petitioner failed to provide the Court with up-to-date contact information. As a result, an order of this Court has been returned as undeliverable. The magistrate judge gave Petitioner ample opportunity to update his address with the Court as required by Local Rule 41-6. Petitioner's failure to do so – and the Court's subsequent inability to get any response from him – demonstrates that Petitioner has no interest in advancing the action here.

       9.     By contrast, the Court, the respondent, and the public have a strong interest in terminating this action. This is particularly true given that Petitioner effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Petitioner is a pro se litigant who did not abide by the Court's orders, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

10. Accordingly, for the above reasons, this action is DISMISSED without prejudice. Fed. R. Civ. P. 41.

IT IS SO ORDERED.

Dated: September 19, 2019

HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE